D. J. & T. SULLIVAN, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15547. Promulgated November 6, 1929.

*Leon Samuels, Esq.*, for the petitioner.
*Eugene Meacham, Esq.*, for the respondent.

**OPINION.**

LITTLETON : Petitioner contends that inasmuch as the Commissioner ruled that the two corporations were affiliated for 1917, 1918, and 1919, they were entitled to be affiliated for 1920 and to file a consolidated return. Such is not the law. Affiliation is a statutory

status which is determined separately for each year. *United Ice & Coal Co.*, 15 B. T. A. 1076; *Commercial Liquidation Co.*, 16 B. T. A. 559; *Atlanta-Southern Dental College*, 15 B. T. A. 1325; *Canyon Lumber Co.*, 4 B. T. A. 940.

The control required by the statute, section 240, Revenue Act of 1918, is control of the stock and not mere control of the business, though the latter may be considered as one of the elements in determining whether there is control of the stock. In this proceeding there is no pretense of control of any kind over the 25 per cent stockholdings of Thomas W. Sullivan by his two brothers or either of the corporations. Under such circumstances the ownership of 75 per cent of the capital stock in petitioner by D. J. and Timothy F. Sullivan is not ownership or control of substantially all of the stock by the same interests, and the corporations were not affiliated. *Conley Tin Foil Corporation*, 17 B. T. A. 65.

In *Commissioner* v. *Adolph Hirsch & Co.*, 30 Fed. (2d) 645, the court stated:

The management of the business of the corporation is not the control required by the statute. It refers to stock control. The fact that the minority is acquiescent and permits the majority to manage the business does not prove actual control over the minority interest. Nor does a control based upon friendship or professional relations satisfy the statute. The control of the stock owned by the same interest refers to beneficial interest. This meaning is consistent with the purpose of the statute to extend to those subject to the hazard of the enterprise, when they are substantially one and the same, the benefit of the consolidated reports.

In Goldstein Brothers Amusement Co., 3 B. T. A. 408, the Board stated:

These excerpts set forth what we conceive to be the theory of affiliation, and in the instant case the ownership of 75 per cent of the capital stock of the Aluminum Rolling Mills, Inc., by the petitioner with no control over the minority stock does not constitute the ownership or control of substantially all of the stock of the two corporations, as required by the statute, and we must therefore confirm the action of the respondent in denying the right to file consolidated returns.

See, also, *Jos. Denunzio Fruit Co.*, 16 B. T. A. 1326, where the percentage was 83⅓ per cent; *McAlester Colliery Co.*, 17 B. T. A. 153, where it was 70 per cent; and *United Ice & Coal Co.*, *supra*, where it was 81.4 per cent.

*Judgment will be entered for the respondent.*